## Daube et al. v. Nessler.

1. BROKERAGE—*Agent's Commission.*—It is absurd to suppose that commissions for services in negotiating a lease can be measured by the valu of the fee, regardless of the terms of the lease, the same for a term of one year as for ninety-nine.

2. REMITTITUR.—The Appellate Court has authority to order a party litigant to remit a portion of his recovery and in case of his complying with the order to enter judgment for the balance, otherwise to reverse and remand the case.

Daube v. Nessler.

Memorandum.—Action of assumpsit.   Appeal from the Circuit Court of Cook County; the Hon. Francis Adams, Judge, presiding.   Heard in this court at the October term, 1892.   Opinion filed February 1, 1893.

The statement of facts is contained in the opinion of the court.

B. M. Shaffner, attorney for appellants.

Israel Cowen, attorney for appellee.

Opinion of the Court, Gary, P. J.

The appellee sued the appellants for commissions as a real estate broker for his services in negotiating for them, a lease from Jacob Newman.

The lease which his services contributed to bring about was for ten years at $1,200 per year, with the privilege to the lessor to terminate on six months notice, paying the lessees for their buildings.

The only testimony as to the value of appellee's services is the statement of the appellee as a witness that " the general real estate commission current among real estate agents in the city of Chicago" is " two and a half per cent on the total amount."

Total amount of what, is not explained; although this statement was immediately followed up with a valuation of the property leased.   It is absurd to suppose that commissions for services in negotiating a lease can be measured by the value of the fee, regardless of the terms of the lease; the same for a term of one year as for ninety-nine.

The appellant, however, asked an instruction which, though refused by the court, we are disposed to treat as a sufficient admission that the value of the services was $150.

If the appellee will within ten days remit one-half of the $300 recovered, we will enter judgment for the other half. Otherwise the judgment must be reversed and the cause remanded.   In any case the appellee must pay the costs of this court.